[Civ. No. 14663. First Dist., Div. Two. June 18, 1951.]

SAFEWAY STORES, INC., Respondent, v. VAGIM PACKING COMPANY (a Corporation) et al., Appellants.

Iener W. Nielsen and Meux & Gallagher for Appellants.

George H. Johnston, Warren A. Palmer, Orrick, Dahlquist, Neff & Herrington for Respondent.

DOOLING, J.—Vagim Packing Company, a corporation, has appealed from a judgment confirming an arbitration award against it.

■ Safeway Stores, Inc., entered into a number of contracts to purchase raisins from Vagim Packing Company. Prior to April 10, 1946, Vagim Packing Company was a partnership composed of Edward J. Vagim and James G. Vagim. On April 10, 1946, the corporation of the same name was organized by filing articles of incorporation with the secretary of state. The deposition of Edward J. Vagim, in evidence before the court on the hearing of the petition to confirm the award, contains the following concerning the relationship between the corporation and the partnership:

"Q. Did the Vagim Packing Co., a corporation, take over all the assets of the partnership? A. Well, I think the arrangement was—all of the stock in the corporation is held by the partnership at the present time.

"Q. The partnership is still in existence then? A. Yes. I will stipulate they took practically all of the assets and I think are responsible if any liability exists by reason of this controversy—Vagim Packing Co., a corporation are responsible for it I think.

"Q. But the partnership is still in existence. A. Well, it is not operative. It is just a holding company for the stock; that is all.

"Q. And the stipulation then is that the corporation has assumed all liability with respect to the cause of action set forth in the complaint in this matter, is that right? A. Yes, I think so."

The contracts were repudiated by the seller while 313,600 pounds of raisins (as found by the arbitrators) were still undelivered. Safeway Stores, Inc., commenced an action for this breach joining as defendants the partnership, the corporation and the two individual partners. While this action was pending a written stipulation was signed by all the parties to the action and their attorneys agreeing to submit the dispute to arbitration and for the dismissal of the action with prejudice upon the "completion of the submission to arbitration." The stipulation further provided:

"It is the intent hereof . . . that all of the disputes between the parties are to be determined by such arbitration and not otherwise."

The stipulation was signed by Vagim Packing Company, a corporation, Vagim Packing Company, a partnership, and the two individual partners. It recited in two "whereas" clauses that "on or about March 30, 1946, the *parties* entered into

five contracts . . . (and) on April 23, 1946, plaintiff and *defendants* entered into a contract . . . '' and bound ''(p)laintiff and defendants, and *each of them* . . . to execute in duplicate the submission agreement covering said proposed arbitration, a full, true and correct copy of which is attached hereto. . . .'' (Italics ours.)

By this stipulation both the corporation and the partnership acknowledged that each had entered into the several contracts in dispute and both the corporation and the partnership agreed to submit the controversy to arbitration and to execute the submission agreement. The submission agreement was actually signed in the following manner:

> ''Seller Vagim Packing Co.
> Edw. J. Vagim
> James G. Vagim''

The award found that ''Seller defaulted'' and awarded ''Buyer'' the sum of $30,685.76.

In opposition to the verified petition of Safeway Stores, Inc., asking that the award be confirmed against the several defendants, Vagim Packing Company, a corporation, filed an unverified document entitled ''Objections to motion for order confirming award'' in which it was alleged: 1. ''That the award made by the arbitrators was against Vagim Packing Co., a partnership.'' 2. ''That the submission . . . was never executed by Vagim Packing Co., a corporation.'' 3. ''That the form of the award and the parties against whom the award is sought to be confirmed, do not comply with the submission agreement.'' 4. ''That Vagim Packing Co., a corporation, was not a party to the submission.''

The above statement of the facts leading up to the submission to arbitration makes it too obvious for dispute that it was intended that the submission to arbitration was to be made by all of the defendants and that no question of liability or nonliability as among the several defendants or between the partnership and the corporation was involved.

Appellant seizes on the single fact that the signature to the submission to arbitration was simply ''Vagim Packing Co.,'' without designation as either partnership or corporation, to argue that the award cannot be enforced against it. Reading the stipulation to submit to arbitration with the submission (which was executed pursuant to the express agreement contained in the stipulation) this court would be countenancing a fraud upon Safeway Stores, Inc., if it agreed with appellant's position. The facts speak so plainly the intention of all parties

signatory to the stipulation to be bound by the award that the judgment confirming the award against it is impregnable to any of appellant's refinements of argument.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied July 18, 1951, and appellants' petition for a hearing by the Supreme Court was denied August 16, 1951.